PER CURIAM.
We have for review Weaver v. State, 926 So.2d 397, 399 (Fla. 2d DCA 2006), in which the Second District Court of Appeal certified the following question of great public importance:
DOES A TRIAL COURT COMMIT FUNDAMENTAL ERROR WHEN IT INSTRUCTS A JURY REGARDING BOTH “BODILY HARM” BATTERY ON A LAW ENFORCEMENT OFFICER AND “INTENTIONAL TOUCHING” BATTERY ON A LAW ENFORCEMENT OFFICER WHEN THE INFORMATION CHARGED ONLY ONE FORM OF THE CRIME AND NO EVIDENCE WAS PRESENTED NOR ARGUMENT MADE REGARDING THE ALTERNATE FORM?
We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
We recently answered this certified question in the negative in a companion case involving respondent’s brother. See State v. Weaver, 957 So.2d 586 (Fla.2007) (quashing reversal of conviction for battery on a law enforcement officer and remanding for further proceedings consistent with opinion). We thus directed respondent to show cause why we should not exercise jurisdiction, quash the decision under review, and remand for reconsideration in light of our decision in Weaver. Upon *355 considering respondents response, we have determined to do so.
We accordingly grant the petition for review in the present case. The decision under review is quashed and this matter is remanded to the Second District Court of Appeal for reconsideration upon application of this Court’s decision in Weaver.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.